# M. Cabrera & Associates, PC

## Attorneys At Law
### A New Jersey Professional Corporation

| | | |
|---|---|---|
| Mailing Address: | Tel:  (845) 531-5474 | Physical Address: |
| 2002 Route 17M Unit 12 | Fax:  (845) 230-6645 | 2002 Route 17M Unit 12 |
| Goshen, NY 10924 | info@mcablaw.com | Rear Entrance – Top Floor |
| | | Goshen, NY 10924 |

Matthew M. Cabrera + Managing Attorney                                          + Member NJ Bar
Joseph Reilly * + Supervising New York Attorney                                  * Member NY Bar
William Fowlkes *

Via Electronic Mail

April 19, 2022

Honorable Martin Glenn
Chief Bankruptcy Judge
U.S. Bankruptcy Court
One Bowling Green
New York, NY 1004-4565

       Re:    **Alexander Bernard Kaspar**
               **Case No.: 22-10382-MG**

Dear Chief Judge Glenn,

Our Firm is in receipt of the letter filed via ECF from Mr. Wrobel wherein he identified his Firm as special counsel for the Town of Putnam Valley (the "Town").

The Debtor filed his Chapter 11 petition on March 28, 2022.  The Town was notified of the Debtor's bankruptcy within days after it was filed, as notification was provided to all parties in the pending state court litigation.   Despite the same, the Town elected not to file an appearance in this matter until earlier today. The Debtor was unaware of any interest the Town had in this new filing until today.

It is unfortunate that not everyone can act based on Mr. Wrobel's schedule.  I can note occasions in the prior bankruptcy proceeding in which Mr. Wrobel filed documents on shortened notice. He did not seem the least bit concerned about the Debtor's time to respond or anyone else's time to respond when it was his filings.

The Town is not a "major creditor" of the Debtor in this case as Mr. Wrobel attempts to allege. The Town was not listed as a creditor in the Debtor's filing as the Town is not a creditor of the Debtor. In the Debtor's prior bankruptcy, the Town filed a duplicative claim for past due property taxes (owed to

County of Putnam Valley), and two contingent claims for monies that it supposedly owed to third parties, yet those third parties were never paid by the Town.[1]

Moreover, in the prior Chapter 11 case, the removal of Bruce Donahue as the Receiver by Judge Morris, who was requested by the Town, was based upon the Receiver's failure to perform his duties[2] as Receiver in the bankruptcy and his failure to follow the guidelines and rules of the Bankruptcy Court.

Mr. Wrobel's attempts to mislead the Court by stating there is a violation of the Rooker-Feldman Doctrine is inaccurate as the Debtor is not seeking to avoid the ruling of the Putnam Valley Supreme Court. Rather, the Debtor is attempting to seek protection to allow him to sell his property himself as he has done previously, negotiate and finalize resolution of his secured debts, challenge unsecured creditor claims and fund a plan to pay remediation expenses and any approved creditors.

The listed creditors are not disadvantaged here. The Debtor was offered two dates upon which to hear this matter and chose one. If the Court determines the hearing date should be moved, the Debtor will abide by the same.

Very truly yours,

*/s/ Matthew M. Cabrera*
Matthew M. Cabrera, Esq.

---

[1] The Town filed contingent claims for monies due to third parties – despite having never paid said monies. These contingent claims related to a spurious "remediation estimate" for the Debtor's property and a "contingent indemnification claim" for fees due to the Receiver and his attorney.

[2] Judge Morris also determined that the Receiver, Bruce Donahue, and his attorney, Joseph Maria, Esq., were not to be paid any monies for any work performed or expenses incurred during the pendency of the Debtor's bankruptcy case.