UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                Chapter 11

Alexander Bernard Kaspar,                                Case No.: 22-10382

                Debtor.
-------------------------------------------------------------------x

## DECLARATION OF GRACE DELIBERO

I, Grace DeLibero, declare under the penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am a real estate broker with citygrace corp, a real estate brokerage firm located at 245 East 72nd Street New York, NY 10021. I have been a real estate broker for over 30 years. My primary focus as a Broker is the sale residential real estate in the metropolitan New York area. I am also the co-owner of 33 Gilbert Lane Putnam Valley, NY 10579 (the "Property").

2. I am in all respects competent to make this declaration (the "Declaration") in support of the *Debtor's Motion, Pursuant, inter alia, to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, for an Order Approving the Debtor's Private Sale of Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests* (the "Motion"). Unless otherwise stated, I have personal knowledge of the facts set forth herein through my personal experience or through review of relevant documentation. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. I obtained an appraisal report for the Property prior to the Debtor's first bankruptcy filing. The report was used as the basis for value of the property in the Debtor's first filing and the pricing of the Property. In my opinion, the market value of the Property at that time was $105,000.00.

4. During conversations with Debtor's counsel in the first bankruptcy it was made aware to the Debtor and I that Specialized Loan Servicing LLC, ("SLS") was conducting ongoing valuations on the Property.

5. These ongoing valuations were shared with counsel and the Debtor, and I utilized these valuations to increase the asking price for the Property.

6. I actively marketed the Property during the Debtor's first filing. The marketing included, but was not limited to, listing the property on the Multiple Listing Service real estate listings ("MLS") exposing the Property to hundreds of potential buyers and brokers.

7. The Debtor also had a list of potential buyers that had expressed interest in the property over the years.

8. After over two years of the property being listed for sale, the Debtor received an offer from one buyer that was willing to work with the Debtor within the bankruptcy process and was flexible enough to be willing to increase their offer to satisfy the necessary amount requested by SLS.

9. While there were several offers made, most if not all the other potential buyers were not interested in getting involved in the bankruptcy itself or were unwilling to wait for and receive approval of a short payoff from the lender.

10. I do not believe that further marketing/solicitation of higher or better offers will generate a higher offer than the $415,000 to be paid by Mr. Riera and Ms. Ordonez.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2022, in New York, New York

/s/ Grace DeLibero

Grace DeLibero