# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Alexander Bernard Kaspar, | Case No. 22-10382 |
| Debtor(s). | |

**ORDER APPROVING THE PRIVATE SALE OF DEBTOR'S RIGHT, TITLE AND INTEREST IN REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. §363 AND GRANTING OTHER RELATED RELIEF**

Upon the motion of Alexander Kaspar., ("Debtor" & "Debtor in Possession") for an order (1) pursuant to 11 U.S.C. § 363(b) and (f) authorizing and approving the sale of the Debtor's rights, title and interests in the property located at 33 Gilbert Lane Putnam Valley NY 10579 (the "Property"), pursuant to the Purchase and Sale Agreement attached as Exhibit B to the Motion (the "Agreement") free and clear of all liens with any and all liens to attach to the proceeds of the sale and (2) approving and authorizing the Debtor's payment from the sale proceeds of any expenses associated with the sale, including legal fees and broker's commissions at the time of closing; and there being due and sufficient notice of the Motion provided to all parties; and there being no objections to the requested relief; and after due deliberation, the Court having found and concluded that the proposed sale is in the best interests of the Debtor, its estate and creditors and is supported by good business reasons; and the Court also having found and concluded that one or more of the grounds for the sale being free and clear of liens and claims under 11 U.S.C. § 363(f) having been satisfied, and the proposed buyer under the Contract is a purchaser in good faith; and good and sufficient cause appearing; it is hereby

ORDERED, that the Motion is granted to the extent set forth herein; and it is

FURTHER ORDERED that the Debtor is authorized under 11 U.S.C. § 363(b) and (f) to sell the Property free and clear of all Liens and Claims pursuant to the terms of the Agreement, with all Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale except as otherwise provided herein; and it is

FURTHER ORDERED that at or as promptly as practical after the closing of the sale, the Debtor is authorized and directed to pay from the sale proceeds any property tax liens or other ancillary costs on the Property due as of the date and time of closing; and it is

FURTHER ORDERED that at or as promptly as practical after the closing of the sale, the Debtor is authorized and directed to pay from the sale proceeds the reasonable, and ordinary and customary closing costs, including reasonable and customary professional fees directly related to the sale, transfer taxes, and reasonable title charges; and it is

FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor is authorized and directed to pay from the sale proceeds the claims of Specialized Loan Servicing LLC and any other creditors that may effect the transfer of clear title to Manuel Efrain Solis Riera and Gladis Maria Lituma Ordonez; and it is

FURTHER ORDERED, that closing of the foregoing sale under the Contract shall occur on or before 120 days after the date of this Order; and it is

FURTHER ORDERED, that, within ten days after the closing of the proposed sale, counsel for the Debtor shall file a closing statement with the Court and serve a copy on the Office of the United States Trustee; and it is

FURTHER ORDERED, that the consideration to be paid by Manuel Efrain Solis Riera and Gladis Maria Lituma Ordonez ("Mr. Riera and Ms. Ordonez") under the Purchase Agreements was negotiated at arm's-length, in good faith and without collusion pursuant to section 363(m) of the Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate consideration for the Property. A&M is each a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and as such, is entitled to all the protections afforded thereby; and it is

FURTHER ORDERED, that the Sale of the Property to Mr. Riera and Ms. Ordonez (or its designee) under the terms of the Purchase Agreement meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sales of the Property will be free and clear of any and all liens, claims, interests, and encumbrances, and will not subject Mr. Riera and Ms. Ordonez to any liability for any liens, claims, interests, and encumbrances whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability), except as expressly provided in the Purchase Agreement. All holders of liens, claims, interests, and encumbrances who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, and all holders of liens, claims, interests, and encumbrances are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their liens, claims, interests, and encumbrances, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they assert liens, claims, interests, and encumbrances, or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to any rights, claims, and defenses of the Debtor or its estate, as applicable.

Those holders of claims who did object and that have an interest in the Property fall within one or more of the other subsections of section 363(f) of the Bankruptcy code. 10. Except as otherwise provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns), including, but not limited to, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, vendors, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, and the ownership, sale, or operation of the Property prior to Closing or the transfer of the Property to Mr. Riera and Ms. Ordonez (or their designees), are hereby forever barred, estopped, and permanently enjoined from asserting such claims against Mr. Riera and Ms. Ordonez (or their designees) and its property (including, without limitation, the Property). Following the Closing, no holder of any claim or interest shall interfere with Mr. Riera and Ms. Ordonez (or their designees) title to or use and enjoyment of the Property based on or related to any such claim or interest or based on any action the Debtor may take in the Chapter 11 case.

FURTHER ORDERED, that Mr. Riera and Ms. Ordonez shall not be deemed, as a result of any action taken in connection with the Purchase Agreement, the consummation of the Sale contemplated by the Purchase Agreement, or the transfer, operation, or use of the Property to (a) be a legal successor, or otherwise be deemed a successor to the Debtor (other than with respect to any Assumed Liabilities arising as part of the Closing), (b) have, de facto or otherwise, merged with or into the Debtor, or (c) be an alter ego or a mere continuation or substantial continuation of the Debtor or the enterprise of the Debtor including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, tax law, products liability law, environmental law, or other law, rule, or regulation (including, without

limitation, filing requirements under any such laws, rules or regulations), or under any doctrine with respect to the Debtor's liability under such law, rule or regulation. Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against Mr. Riera and Ms. Ordonez (or their designees) or its respective assets (including, without limitation, the Property), with respect to any (a) claim in this Chapter 11 case or in connection with or related to the Sale or the Debtor or (b) Successor or Transferee Liability including, without limitation, the following actions with respect to clauses (a) and (b): (i) commencing or continuing any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Sales Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, failing, or refusing to renew any license, permit, or authorization to operate any business on the Property or conduct any of the businesses operated with respect to such assets, it is

FURTHER ORDERED, that the terms and provisions of this Sales Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in this Chapter 11 case; (b) conversion of this Chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing this Chapter 11 case; or (d) pursuant to which this Court abstains from hearing in this Chapter 11 case. The terms and provisions of this

Sales Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall continue in this Chapter 11 case, or following dismissal of this Chapter 11 case, it is

FURTHER ORDERED, that each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement, it is

FURTHER ORDERED, that the Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not, based on the Debtor's business judgment, and in consultation with Mr. Riera and Ms. Ordonez (or their designees), have a material adverse effect on the Debtors' estate or its creditors. The Debtor shall provide Mr. Riera and Ms. Ordonez with prior notice of any such modification, amendment, or supplement of the Purchase Agreement. For the avoidance of doubt, all other modifications, amendments, or supplements that have a material adverse effect on the Debtor's estate or their creditors shall require Court approval, it is

FURTHER ORDERED, that to the extent there is any conflict between the terms of this Sales Order and the Purchase Agreement, the terms of this Sales Order shall control. Nothing contained in any chapter 11 plans hereinafter confirmed in this Chapter 11 case or any order confirming such chapter 11 plan, or any other order of the Court, shall conflict with or derogate from the provisions of the Purchase Agreement or any other Transaction Document or the terms of this Sales Order, it is

FURTHER ORDERED, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry, it is

FURTHER ORDERED, that the Court shall retain exclusive jurisdiction with respect to the terms and provisions of this Sales Order and the Purchase Agreement.