**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**In re:**

**ALEXANDER BERNARD KASPAR,**

                                  **Debtor.**
-----------------------------------------------------------------X

**CHAPTER 11**

**CASE NO. 22-10382(MG)**

**AFFIDAVIT**

STATE OF NEW YORK  )
                             )ss.
COUNTY OF DUTCHESS  )

      Lewis D. Wrobel being duly sworn deposes and says:

      1.      I am an attorney duly admitted to the practice of law in the State of New York and before the Federal District Court for the Southern District of New York

      2.      I am of counsel to the firm of Handel & Carlini LLP, special counsel for the creditor Town of Putnam Valley, New York (hereinafter referred to as "Putnam Valley") and make this affidavit in support of Putnam Valley's motion to dismiss the instant Chapter 11 case pursuant to 11 U.S.C. Section 1112 (b) with prejudice and to bar Alexander Bernard Kaspar (hereinafter referred to as "Kaspar" or "Debtor") from filing a case under the Bankruptcy Code for a period of five (5) years.

## I. BACKGROUND

      3.      Mr. Kaspar was a tenant and later became owner of several parcels of real property in Putnam Valley. During his tenancy and ownership he dumped significant amounts of hazardous wastes and materials on a portion of the property and failed to make any efforts to clean up and remediate the wastes.

      4.      There has been long and extensive litigation in the New York State Supreme Court, Putnam County, commencing in 2006, *Town of Putnam Valley, John Spina and Howard Olsen v. Thomas and Mary Cabot and Alexander Kaspar*, Index No. 627/2006, Alexander Kaspar was found to have illegally cleared land, cut trees, removed stone walls

and disposed of wastes. He also dumped construction and demolition debris, woody material, branches, stumps and porcelain without the proper permits from Putnam Valley. Attached hereto and marked **Exhibit "A"** is the Decision and Order in the New York State case. The Decision and Order contains a history of the extensive litigation between Putnam Valley and Kaspar from the inception in 2006 through October, 2018.

5. In the aforementioned Decision and Order, a Court appointed Receiver was appointed to sell lots 83-1-1 and 72-1-50 to the Hudson Highlands Land Trust (hereinafter referred to as "HHLT").

6. On November 4, 2018 Kaspar filed his first Chapter 11 case in the Southern District of New York, Poughkeepsie Division, 18-36862(cgm). He remained in Chapter 11 for 3.25 years. During that extensive period he never submitted a Plan of Reorganization, made no mortgage payments on his property at 33 Gilbert Lane (the post - petition arrears exceeded $230,000), did not file operating statements in a timely manner and engaged an attorney to handle a tax certiorari petition, but never requested formal retention. He did obtain Bankruptcy Court approval to sell parcels 83-1-1 and 72.19-1-29 to the HHLT for a price of $798,000; $202,000 less than the New York State Court approval of the sale to HHLT of parcels 83-1-1 and 72-1-50 in the Decision and Order of Judge Grossman.

7. In December, 2021 the Office of the United States Trustee submitted a motion to dismiss Kaspar's Chapter 11 case. A copy of the U.S. Trustee motion with the supplement is attached hereto and marked **Exhibit "B"**.

8. Initially Kaspar opposed the motion of the U.S. Trustee, but at the Bankruptcy Court hearing on February 1, 2022 the opposition was withdrawn

9. On February 3, 2022 the Bankruptcy Court entered an Order dismissing Kaspar's first Chapter 11 case. A copy of the Order is attached hereto and marked **Exhibit "C"**.

10. On March 25, 2022 the litigation in the New York State Supreme Court continued. The State Court restored Bruce Donohue as Receiver and awarded judgments against Kaspar and Grace DeLibero in favor of the Receiver, Bruce Donohue in the sum of $90,708.93 and in favor of the Receiver's attorney Joseph Maria, Esq. in the sum of $136,324.39 . A copy of the Decision and Order transcript is attached hereto and marked **Exhibit "D"**.

11. On March 28, 2022 Kaspar filed his second Chapter 11 case; a mere three (3) days after the New York State Court hearing.

## II. KASPAR FAILED TO DISCLOSE IMPORTANT FINANCIAL INFORMATION IN HIS CHAPTER 11 SCHEDULES

12. On December 28, 2021 pursuant to the Order of the Bankruptcy Court, Kaspar completed the sale of two parcels of real property to the HHLT. A copy of the closing statement prepared by Frank DeEsso Esq. is attached hereto and marked **Exhibit "E"**.

13. After the payment of $234,299.58 in land taxes, Kaspar and Grace DeLibero received a total of $553,200. The amount attributed to Kaspar was $276,600. The sum of $400,000 was placed in the attorney escrow account of Matthew Cabrera P.C. pursuant to the Bankruptcy Court Order.

14. From the sale Kaspar directly received the payment of $153, 200.68. Attached hereto and marked **Exhibit "F"** is a copy of the Debtor's Wells Fargo Bank account statement for the month of December 2021.

3

15. On or about February 2, 2022 Kaspar purchased a bank check or draft in the sum of $75, 000 and transferred the money to Valley View Management Corp. Kaspar is the sole shareholder of Valley View Management Corp. Attached hereto and marked **Exhibit "G"** is a copy of Kaspar's Wells Fargo bank statement for the month of February, 2022. Attached hereto and marked **Exhibit "H"** is a copy of the T.D. Bank N.A. statement for Valley View Management Corporation for the month of February, 2022. This statement shows a deposit of $75,000 on or about February 4, 2022. Kaspar confirmed this transaction at the Bankruptcy Rule 2004 examination conducted on September 6, 2022. A copy of the transcript of the examination is attached hereto and marked **Exhibit "I"**. The confirmation is found on pages 23 and 24:

> "Q. Looking at the transactions by date, on February 4 there is a deposit of $75,000 And where did that $75,000 come from?
> A. It came from money that was wired to me but I didn't have a bank account, I had to close it. Do you remember? I had no bank account
> Q. From the former Wells Fargo account that you had during the bankruptcy case?
> A. I had to close the account and I took a check from them for the remaining balance."

16. The initial Chapter 11 petition and schedules in this case were filed on March 28, 2022. In response to the Statement of Financial Affairs (hereinafter referred to as "SOFA") Part 7 Question 18, concerning transfers out of the ordinary course of business, Kaspar answered "None" . A copy of page 4 of the SOFA is attached hereto and marked **Exhibit "J"**.

17. Kaspar filed an Amended SOFA on May 22, 2022. Once again he answered "None" to Part 7 Question 18.

18. In both the initial Chapter 11 Schedules and in the Amended Schedules there is no statement confirming that Kaspar paid to Matthew Cabrera P.C. a sum in excess of

4

$100,000. In both SOFA's Kaspar declared that he had not paid any creditor more than $600. Attached hereto and marked **Exhibit "K"** is an email dated September 27, 2022 from Matthew Cabrera, Esq. to Lewis D. Wrobel, Esq. showing that $124,500 was paid by Kaspar to Matthew Cabrera P.C. prior to March 28, 2022. The firm of Matthew Cabrera P.C. in its retention application in this case failed to disclose that it had received $124,500.00 within ninety (90) days of the filing of the instant case.

19.    In his initial Chapter 11 Schedules Kaspar in response to Question # 35 lists as a financial asset, ownership of Valley View Mangement Corporation. He declares the value as "Unknown" At that time Valley View Management Corp had in its bank account more than $56,000. Attached hereto and marked **Exhibit "L"**, is Schedule A/B, Question 35. Attached hereto and marked **Exhibit "M"** is the March, 2022 T.D. Bank N.A. statement for the account of Valley View Management Corp.

20.    Kaspar did not file his recent Chapter 11 case in good faith. He purposely omitted disclosing monetary transfers in excess of $200,000. He sought to secrete assets in his sole shareholder corporation, Valley View Management Corp. The current case is nearly nine months old, but the Debtor has failed to amend his schedules and SOFA to disclose the transfers.

21.    The first Chapter 11 case was dismissed on February 3, 2022. The current case was filed on March 28, 2022. There is a period of fifty (50) days between the dismissal and the current filing. The time period for preference actions pursuant to 11 U.S.C. Section 547 is ninety (90) days. In essence almost every payment made by Kaspar in this period is a potential avoidable preference. At no time has the Debtor acknowledged this fact nor has he provided a schedule of his transactions.

## III ALEXANDER BERNARD KASPAR HAS VIOLATED A BANKRUPTCY COURT ORDER

22. In Kaspar's prior Chapter 11 case an Order was entered approving the Debtor's sale of two parcels of real property to HHLT and other related relief.. Pursuant to the terms of the Order the Debtor and Grace DeLibero were required to deposit $400,000 of the sale proceeds into the escrow account of Matthew Cabrera P.C. It is declared on page 4 of the Order:

> "FURTHER ORDERED that at or as promptly as practical after the closing of the sale, the Debtor shall set aside with his attorney, to be held in the attorney's escrow account , four hundred thousand dollars ($400,000.00) , the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47. Once approval is obtained from the New York State Department of Environmental Conservation to begin remediation, these funds will be disbursed to the Debtor's DIP account in draws: and it is"

A copy of the Order Approving the Sale and Granting Other Related Relief is attached hereto and marked **Exhibit "N"**.

23. The Order at page 9 contains the following language:

> "FURTHER ORDERED, that the terms and provisions of this Sale Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in this Chapter 11 case; (b) conversion of this Chapter 11 case to a case under Chapter 7 of the

Bankruptcy Code; (c) dismissing this Chapter 11 case; or (d) pursuant to which this Court abstains from hearing in this Chapter 11 case . The terms and provisions of this Sale Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall continue in this Chapter 11 case, or following dismissal of this Chapter 11 case, it is"

24. Kaspar and Grace DeLibero each received approximately $276, 600 from the sale proceeds. All of DeLibero's funds were placed into the attorney escrow account. Kaspar contributed approximately $123,400 to the attorney escrow account.

25. The sum of $400,000 placed in escrow was ordered to be used to to pay for remediation of the waste on a parcel of the real property still owned by Kaspar and DeLibero.

26. As soon as the first Chapter 11 case was dismissed, Kaspar and DeLibero violated the Sale order. The funds were quickly released from the attorney escrow account. Kaspar's shares were used to pay attorney fees to the office of Matthew Cabrera P.C. DeLibero pocketed more than a quarter of a million dollars. A review of Exhibit "K", the email of Matthew Cabrera details the disbursement of funds from the escrow account. On Exhibit "K" the funds transferred to DeLibero are stated as "Money wired to co-owner after dismissal - $276,100.00". The funds remitted to Kaspar are stated as "Administrative Exp paid to attorney for approved fees - $120,000.00" and "Administrative Exp paid to Attorney for approved fees - $4,500.00". DeLibero and Kaspar had and have no intention of remediating the waste on their real property. The Court had earmarked $400,000 to remediate. They chose to violate the Court's Sale Order and take the money for their own uses. If they are able to sell the remaining parcels, they will once again pocket the funds.

7

## IV   THE BUSINESS RELATIONSHIP OF ALEXANDER KASPAR AND GRACE DELIBERO

27.   Grace DeLibero and Alexander Kaspar are personal partners. They are also business partners, they are each fifty (50 %) percent owners of the parcels of real property in the Town of Putnam Valley, New York.

28.   Although DeLibero and Kaspar are equal partners, it appears that Kaspar and therefore the bankruptcy estate pays for most of the expenses of the Putnam Valley real property.

29.   In 2021 Kaspar sold two parcels of real property in Putnam Valley and he received a net of approximately $276, 600. In his 2021 Federal Income Tax Return he does not on any page recognize the long-term capital gain. A copy of Kaspar's 2021 Federal Income Tax return is attached hereto and marked **Exhibit "O"**. Even though he did not declare a long term capital gain, he paid through Valley View Management Corp (the funds were attributable to his proceeds from the sale of real property as explained in Paragraphs 12-26), the sum of $43,404.00 to the Internal Revenue Service for 2021 taxes. If he did not owe any tax why is he paying the Government, It appears that he may have paid the entire tax owed by DeLibero. A copy of the T.D. Bank N.A. statement of Valley View Management Corp. for the month of April, 2022 which shows the payment to the Internal Revenue Service is attached hereto and marked **Exhibit "P"**. The payment of the tax by Kaspar was reaffirmed in testimony at his Bankruptcy Rule 2004 Examination at pages 26-27 of Exhibit "I".

30.   In January, 2022 Kaspar paid current real property taxes to Putnam Valley in the sum of $29,532.60. There is no indication that DeLibero paid any portion of the 2022 real

property taxes. A copy of Kaspar's bank statement for the month of January, 2022 is attached hereto and marked **Exhibit "Q"**.

## IV  IN THE CURRENT CASE KASPAR HAS FAILED TO OBTAIN COURT APPROVAL TO RETAIN PROFESSIONALS

31.    Kaspar and DeLibero have retained Frank DeEsso Esq. to represent them in the sale of the real property located at 33 Gilbert Lane in the Town of Putnam Valley. Mr. DeEsso received the purchaser's down payment and conducted the closing of title. Mr. DeEsso is representing the bankruptcy estate, yet he has not been formally retained. In fact no retention application has been submitted to the Court.

32.    Kaspar and DeLibero have commenced tax certiorari proceedings in the New York State Supreme Court. Joseph Albert Esq. is the attorney of record for both Kaspar and DeLibero. A copy of the petition in the tax certiorari proceeding is attached hereto and marked **Exhibit "R"**. Mr. Albert has not been retained by the Court and no application has been submitted for his retention.

## V.  KASPAR HAS FAILED TO PROSECUTE HIS CHAPTER 11 CASE

33.    Kaspar has been under the protection of the Bankruptcy Code for a period of more than nine (9) months. He has made little to no progress in his case.

34.    Although he did retain Environmental Conservation and Management Consultants (hereinafter referred to as " ECMS "), he has not even begun to remediate the environmental waste. On January 22, 2022 Harry Sudwischer of ECMS met with Putnam Valley's Zoning and Code Enforcement Commissioner, Richard Quadlietta, and the Town's environmental consultant, Bruce Barber. The meeting lasted for one-half hour. Mr. Sudwischer was advised of the procedures for submitting remediation plans to the Town. Kaspar and ECMS took no further action. They did not make any applications to the Building

and Zoning Departments of Putnam Valley nor did they even make inquiries. The affidavit of Richard Quaglietta, the Building, Zoning, Fire & Gas Inspector for Putnam Valley is attached hereto and marked **Exhibit "S"**.

35. Kaspar and DeLibero were able to sell the 35 Gilbert Lane property in a short sale. The purchase price is $415,000. The amount owed to the mortgagee, Citibank exceeds $1,200,000. While Putnam Valley certainly welcomes new owners who will repair and renovate the property, there are no proceeds for the estate. In fact, the bankruptcy estate may be responsible for attorney fees and the transfer tax.

36. Kaspar has not prepared a viable Plan of Reorganization, nor can he be trusted to do so. Even if he were to sell the vacant land he and DeLibero will most likely pocket the money and never remediate the waste and debris. Within the past year they had $400,000 available to clean up the waste and made the conscious decision not to do it.

## VI THE CURRENT CHAPTER 11 CASE HAS BEEN A TACTIC TO AVOID THE RULINGS OF THE NEW YORK STATE SUPREME COURT.

37. After Kaspar's first Chapter 11 case was dismissed, the Receiver through his counsel brought on an Order To Show Cause in the New York Supreme Court to be reinstated and to obtain money judgments for Court ordered fees.

38. The New York Supreme Court conducted a hearing on March 25, 2022 and issued a Decision and Order, a copy of which is attached hereto and marked Exhibit "D". The Court ruled in favor of the Receiver.

39. Kaspar, the loser in the State Court, immediately on March 28, 2022 ran back to Bankruptcy Court to avoid the New York State Court Order.

40. Kaspar's hasty retreat is a dramatic violation of the Rooker-Feldman doctrine.

WHEREFORE, the Town of Putnam Valley respectfully prays for an Order pursuant to 11 U.S.C. Section 1112 (b) dismissing the Chapter 11 case of Alexander Bernard Kaspar with prejudice, including a five year ban on filing future bankruptcy cases, together with such other and further relief as to this Court may seem just and proper.

*[signature]*
Lewis D. Wrobel

Sworn to before me this
23rd day of January, 2023.

*[signature]*
Notary Public

CINDY S. LANGIU
Notary Public, State of New York
No. 4910631
Qualified in Dutchess County
Commission Expires Nov. 16, 2025