```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK

------------------------------------X  Case No.  22-10382-mg
IN RE:                              .  Chapter 11
                                    .  One Bowling Green
ALEXANDER BERNARD KASPAR,           .  New York, NY  10004
                                    .
        Debtor.                     .  February 16, 2023
------------------------------------X  10:00 a.m. - 10:17 a.m.
```

**22-10382-mg   Alexander Bernard Kaspar**  *Ch. 11*

Hearing Using Zoom for Government RE: Motion to dismiss
pursuant to 11 U.S.C. 1112 (b). (Doc ## 79 to 81, 83)

```
                       HONORABLE MARTIN GLENN
                 UNITED STATES CHIEF BANKRUPTCY JUDGE
```

APPEARANCES:

```
FOR THE DEBTOR:           MATTHEW CABRERA, ESQ. (Zoom)
                          M. Cabrera & Associates
                          2002 Route 17M, Suite 12
                          Goshen, New York 10924

                          HARRY L. SUDWISCHER, ESQ.
                          M. Cabrera & Associates
                          8 Birch Road
                          New Milford, Connecticut 06776

SPECIAL COUNSEL FOR       LEWIS D. WROBEL, ESQ. (Zoom)
TOWN OF PUTNAM VALLEY:    Handel & Carlini
                          1984 New Hackensack Road
                          Poughkeepsie, New York 12603

FOR U.S. TRUSTEE:         SHANNON SCOTT, ESQ. (Zoom)
                          SHARA CLAIRE CORNELL, ESQ. (Zoom)
                          Office of the United States Trustee
                          One Bowling Green
                          New York, New York 10004

FOR PUTNAM COUNTY         MARK J. GROSS, ESQ. (Zoom)
DEPARTMENT OF FINANCE:    Wilson, Elser, Moskovitz,
                            Edelman & Dicker, LLP
                          1133 Westchester Avenue
                          White Plains, New York 10604
```

*Proceedings digitally recorded.*
*Transcript produced by: Catherine M. Griffin*

*American Legal Transcription*
*11 Market Street - Suite 215 - Poughkeepsie, NY 12601*
*Tel.: (845) 452-3090 - Fax: (845) 452-6099*
AmericanLegalTranscription.com

I N D E X

Page(s)

COURT'S PRELIMINARY COMMENTS RE MOTION TO DISMISS:          5

COURT SETS FUTURE ORDER TO SHOW CAUSE HEARING DATE:         9

MOTION TO DISMISS CHAPTER 11 CASE (DOC. #S 79 to 81, 83)

  Motion:       Mr. Wrobel     [*reserved argument to 3/9/23*]     --

  Response:     Ms. Scott      [*reserved argument to 3/9/23*]     --

  Response:     Mr. Cabrera    [*reserved argument to 3/9/23*]     --

  Ruling:       The Court      [*taken under advisement*]          15

1    (Proceedings commence at 10:00 a.m.)

2    COURT OFFICER: All right. Starting the recording
3    for February 16, 2023, at 10:00 a.m, calling Alexander Kaspar,
4    Case Number 22-10382.

5    Mr. Wrobel, if you could un-mute and give your
6    appearance, please.

7    MR. WROBEL (Zoom): Yes. Lewis D. Wrobel, Of Counsel
8    with Handel & Carlini, Special Counsel for the Town of Putnam
9    Valley.

10    COURT OFFICER: Thank you.

11    All right. Good morning.

12    MS. CORNELL (Zoom): Good morning. Shara Cornell, on
13    behalf of the Office of the United States Trustee. I don't see
14    my colleague, Shannon Scott yet, but I can -- I can appear for
15    this case.

16    COURT OFFICER: All right. Thank you.

17    MS. CORNELL: You're welcome.

18    COURT OFFICER: All right. Mr. Harry?

19    MR. SUDWISCHER (Zoom): Good morning.

20    COURT OFFICER: Good morning. If you could give your
21    appearance, please.

22    MR. SUDWISCHER: I'm here for Mr. Kaspar.

23    COURT OFFICER: All right. Thank you.

24    Mr. Cabrera, please give your appearance.

25    MR. CABRERA (Zoom): Matthew Cabrera, M. Cabrera &

1  Associates, for the Debtor.

2  　　　　COURT OFFICER:  All right.  Thank you.

3  　　　　Ms. Scott, if you could un-mute, and give your
4  appearance, please.

5  　　　　MS. SCOTT (Zoom):  Good morning.  Shannon Scott, for
6  the U.S. Trustee.

7  　　　　COURT OFFICER:  All right.  Thank you.

8  　　　　All right.  The parties with the following numbers,
9  if you could un-mute one at a time, and give your appearance,
10 and state which case you're here for.  The 15612126126, I see
11 you're un-muted.  Again, the 15612126126 number, please
12 identify yourself.

13 　　　　MR. GROSS (Zoom):  Hi.  I apologize.  This is Mark J.
14 Gross, appearing in the matter of Alexander Bernard Kaspar.  We
15 represent Putnam County Department of Finance, the Secured
16 Creditor.

17 　　　　COURT OFFICER:  Okay.  So you're appearing on the
18 Kaspar case?  This is -- I'm sorry, I couldn't hear your name?

19 　　　　MR. GROSS:  Oh, yes.  Mark J. Gross.

20 　　　　COURT OFFICER:  Mr. Gross.  Okay.  Perfect.  Thank
21 you.

22 　　　　MR. GROSS:  Thank you.

23 　　　　COURT OFFICER:  All right.  The 9177146803 number, if
24 you could un-mute and identify yourself, please.

25 　　　　UNIDENTIFIED COUNSEL:  (No audible response.)

1     COURT OFFICER: All right. I have you down as Sonya
2  Pearson for the St. John Pentecostal Church case, so I'm going
3  to put you back in the waiting room for now.
4     Is Mr. Kaspar going to be joining? I have his
5  appearance down.
6     MR. CABRERA: I am unsure. He said he might if he
7  could get on, but he had some things this morning that he was
8  trying to move around to make himself available.
9     COURT OFFICER: All right. Thank you.
10    And then is Mr. Ledwin also going to be joining Mr.
11 Gross?
12    MR. GROSS: No. He will not be today.
13    COURT OFFICER: All right. Are we waiting on anyone
14 else to anyone's knowledge?
15    MR. CABRERA: I would believe we're waiting on Mr.
16 Sudwischer from --
17    COURT OFFICER: He's joined.
18    MR. CABRERA: Oh, he's joined? Oh, okay. Thank you.
19    COURT OFFICER: Yes.
20    All right. Judge, would you like to start?
21    THE COURT: Sure. Thank you very much, Deanna.
22    Good morning to everybody. We are here on the Town
23 of Putnam Valley's motion to dismiss this Chapter 11 case. Let
24 me give us some preliminary comments before we move into that.
25             JUDGE'S PRELIMINARY COMMENTARY

1    THE COURT: Mr. Wrobel, I'm going to permit you to
2 argue the motion. I'll hear your argument on it, but as I will
3 elaborate on in a little while, I expect to take your motion
4 under advisement. And I'm going to be issuing an order to show
5 cause why this case should not be converted to a case under
6 Chapter 7; or alternatively, why a Chapter 11 Trustee should
7 not be appointed.
8    And your papers in support of your motion to dismiss
9 are very thorough, Mr. Wrobel. And what it did was really
10 highlight for my attention something I probably should have
11 seen before. I certainly was aware that this is Mr. Kaspar's
12 second filing; that he had a prior Chapter 11 case before Judge
13 Morris in Poughkeepsie, which he had filed in 2018, 18-36862.
14 And that case was dismissed on the motion of the United States
15 Trustee on February 3, 2022. That's in 18-36862, the order of
16 dismissal is ECF Docket Number 320.
17    When I reviewed --
18    Ms. Scott, I appreciate you being here today.
19    -- when I reviewed your motion, Mr. Wrobel, I went
20 back and also reviewed the docket in the earlier case; it
21 raised serious questions.
22    And I think you pointed out, and it raised serious
23 questions as to whether the Debtor and Mr. Cabrera violated the
24 express terms of an order entered by Judge Morris in connection
25 with the sale of property. That property was Parcel 72-1-47.

1  Well, excuse me, it's not; that's the parcel that's involved
2  here that -- let me just look through.
3         The parcel that was sold during that first case,
4  during the case before Judge Morris, is described as Tax Map
5  Numbers 72.19-1-29 and 83-1-1.  That property Judge Morris
6  approved the sale of that property in a sale order again, in
7  her case, ECF Docket Number 292.
8         Ms. Scott, that's very relevant to the issues that
9  I'm going to raise, and are going to be raised in the order to
10 show cause.  The sale order in approving that prior sale by
11 Judge Morris, ECF Docket 292, the sale order provided that:
12        "As promptly as practical after the closing of the
13 sale, the Debtor shall set aside with his attorney to be held
14 in the attorney's escrow account $400,000, the estimated amount
15 of remediation costs...."
16 I will leave out the rest of the words.
17        And then picking up the quote:
18        "These funds are to be escrowed for payment of the
19 future remediation costs of Parcel 72-1-47.  Once approval is
20 obtained from the New York Department of Environmental
21 Conservation to begin the remediation, these funds will be
22 disbursed to the Debtor's DIP account in draws...."
23 I'll leave some words out in the quote there.
24        That sale order, likewise provided at page 9 -- so
25 that what I just read, is at page 4 of that sale order.  At

1  page 9 of the sale order, it included the following --
2           You include this I think, Mr. Wrobel, in your papers.
3           -- "The terms of the sale order and any actions taken
4  pursuant hereto shall survive entry of an order which may be
5  entered...."
6  And then I'll leave some words out.
7           In subsection (c) of it:
8           "...dismissing this Chapter 11 case."
9  And then leaving some words out, it says:
10          "The terms and conditions of this sale order
11 notwithstanding the entry of any such order as described,
12 including the dismissal, shall continue in this Chapter 11
13 case...."
14          And then it -- "...or following dismissal of this
15 Chapter 11 case."  That's at page 9 of that order.
16          It appears from the papers that Mr. Wrobel has filed
17 in support of his motion to dismiss that the Debtor and Mr.
18 Cabrera may have violated the express terms of the sale order
19 by distributing funds that were in Mr. Cabrera's escrow
20 account, distributed to Mr. Kaspar, the Debtor; to Mr. Kaspar's
21 partner, Grace De La Brera (phonetic), who is signed in for
22 this hearing today; and to Mr. Cabrera, for payment of his
23 attorney's fees.
24          And so the order to show cause that I plan to enter
25 needs an explanation.  Mr. Cabrera briefly addressed some of

1  these issues in the response he filed here, which I found
2  totally unenlightening, because it does appear to me that the
3  sale order was very particular about requiring the escrow of
4  the funds and the use that was to be made of it.
5       And as I understand it, Mr. Cabrera, disbursed the
6  funds from his escrow account including for payment of the fees
7  that he was owed in violation -- arguably, in violation -- and
8  that's what they're going to have to answer to me.
9       So, you know, Mr. Wrobel, whether this case gets
10 dismissed in large measure, frankly what I won't countenance is
11 violation of the order that Judge Morris specifically entered.
12 If the case is converted to Chapter 7, or a Chapter 11 Trustee
13 is appointed, I think the Town of Putnam Valley will wind up
14 getting the relief it's seeking without having to go back to
15 state court.
16      I've seen certainly the history of what transpired in
17 state court, the receiver, et cetera.  But what I can't
18 countenance is what appears to be a violation of the order that
19 Judge Morris entered -- in terms of the order that Judge Morris
20 entered.  So that's setting a backdrop.
21     COURT SETS FUTURE ORDER TO SHOW CAUSE HEARING DATE
22      THE COURT:  I'm going to let you -- you know, I do
23 want to hear your argument, Mr. Wrobel.  Because it may be that
24 after hearing argument on the order to show cause -- and I'm,
25 just so we're clear -- I'm setting the argument, a hearing on

1  the order to show cause for March 9th, 2023, at 10 a.m.
2          And I'm going to require that Mr. Kaspar and Mr.
3  Cabrera shall file written responses to this order to show
4  cause stating any reasons why such relief shall not be ordered.
5  And the due date for that is March 2nd, 2023, at 12 noon.
6          So, I'll hear your argument.  And, Mr. Wrobel, I'm
7  just not sure whether the result is going to be:  a dismissal,
8  or whether it's going to be a conversion to Chapter 7; or the
9  appointment of a Chapter 11 Trustee.
10         Or if I don't grant any of that relief, if I'm
11 satisfied with the responses I get to the order to show cause,
12 I will then -- you know, I'll decide also whether or not to
13 grant your motion to dismiss, and just let you go back to state
14 court and continue your very lengthy fight that's gone on
15 there.  So I wanted to get that all on the record.
16         And, Ms. Scott, once you see the order to show cause,
17 I really -- I guess there's one other aspect of the order of
18 dismissal.  The order dismissing the case February 3 -- the
19 first case -- February 3, 2022, again Case Number 18-36862, ECF
20 Docket Number 320, included the following language in the
21 order.  It says:
22         "The order requires the Debtor to 'fie an affidavit
23 of disbursements for each month in which he did not file an
24 operating report and pay to the U.S. Trustee quarterly
25 fees....'"

1  I'll leave some words out.

2  Well, no affidavit was filed to comply with that. No
3  operating reports were filed. So the, you know, disbursements
4  during the case, during that first case are a total blank. And
5  I think that's something that you and your colleagues may want
6  to look at, as well as the issue of whether or not Debtor and
7  Mr. Cabrera violated the express terms of the order which
8  expressly survived any dismissal, which is what would happen.

9  All right. So with that, Mr. Wrobel, why don't you
10 go ahead and argue your motion.

11 MR. WROBEL: Your Honor, since you have indicated
12 that there's going to be an order to show cause issued by the
13 Court, might it be better that I reserve my argument to that
14 date to -- after we find out what some of the responses are to
15 the order to show cause, and see what is in the best interest
16 of my client and the best interest of Creditors? I'd be happy
17 to go forward today, but I think maybe I should make that
18 argument on March 9th.

19 THE COURT: That's fine. I'll permit you to argue
20 your motion on March 9th. Obviously, I'm very interested in
21 seeing what response -- responses, because I want the Debtor's
22 position, and I want Mr. Cabrera's position. Certainly, if Mr.
23 Cabrera, if -- I don't know. The order -- the sale order, bear
24 with me a second. The sale order had the following language:
25 "As promptly as practical after the closing of the

1  sale, the Debtor shall set aside with his attorney to be held
2  in the attorney's escrow account $400,000, the estimated amount
3  of remediation costs."
4  I'll stop the quote there.
5          From what I've seen, it seems to me there may never
6  have been $400,000 put in that escrow account to start out.  I
7  don't know what the dollar amount is.  I certainly want to know
8  how much was deposited in the escrow account?  Was there ever
9  any disclosure to the Court about what the amount that was
10 deposited into the escrow account?  I didn't see anything when
11 I looked at the docket.
12         And then I want to know precisely the who, what,
13 where, and when money was disbursed out of the escrow account.
14 I gather that a portion of it went to the Debtor, Mr. Kaspar; a
15 portion of it went to Ms. De La Brera; and a portion of it went
16 to Mr. Cabrera for payment of his attorney's fees.
17         And I want to know exactly what was in the escrow
18 account.  What were the sale proceeds from the sale of the
19 property that Judge Morris approved?  Where did the money go?
20 Were there any funds other than what went into the escrow
21 account, and where did it go?  I mean those are all questions
22 that I have after I read --
23         Again, Mr. Wrobel, I think your motion papers were
24 very thorough.  You argue that history of showing that this
25 second case was a bad-faith filing.  And it may well be; it may

1  not be.  I don't know.  But I guess the -- it certainly caused
2  me to go back and review pretty carefully, personally the
3  docket from the case before Judge Morris.
4        So I will permit you -- again, I'm scheduling the
5  hearing for March 9th, at 10 a.m.  We'll do it by Zoom again.
6        Ms. Scott, I don't know -- I don't know whether
7  there's anything you want to say at this point?  I mean
8  obviously, I don't know whether you were aware of any of what
9  I'm raising now.  My antenna went up as soon as I read these
10 papers, and then I went back and looked at the earlier order.
11       You know, actually, the last thing that I focused on
12 was the dismissal order that required that the Debtor filed an
13 affidavit -- since there had never been an operating report --
14 requiring that there be an affidavit setting, you know, that
15 identified all the disbursements.  Well there never was one
16 filed, so.
17       But go ahead, Ms. Scott.
18  TRUSTEE'S RESPONSE RE ORDER OF DISMISSAL/ORDER TO SHOW CAUSE
19       MS. SCOTT:  Your Honor, yes.  Your Honor, that does
20 sometimes happen.  And there is an automatic sort of default
21 notice generated from our office.  I would definitely need to
22 look into this a little more carefully.  And Your Honor has
23 enlightened me, and we will bring these facts and look more
24 carefully at the previous case as you have enlightened me at
25 this hearing.

1    So I appreciate that.  And it is cause for concern
2 with respect to the sale proceeds, and the issue with the order
3 that was entered in the previous case; we will look closely to
4 that.
5    THE COURT:  Okay.
6    MS. SCOTT:  Thank you, Your Honor.
7    THE COURT:  And I'd just say, you know, Mr. Wrobel's
8 motion -- the Town of Putnam Valley's motion, all of this
9 relates to the remediation costs for the property that the
10 Debtor still owns.  And I guess there is -- I did approve the
11 sale of one other property during this case.
12    And I, you know -- I think, Ms. Scott, it's a fair
13 question, where's all the -- where's the money?  Where has the
14 money gone, et cetera?
15    And look, Mr. Cabrera, I'm not making any threats,
16 but if I'm not satisfied with the answers about the disposition
17 of funds in your escrow account, which the order was very clear
18 as to what it was to be used for, and that it survived any
19 dismissal of the case, I would consider -- I'm not considering
20 it at this point -- but just so you're aware, that I will
21 consider referring this matter with respect to your conduct to
22 the disciplinary committee of the Southern District of New
23 York.
24    This is a really serious matter.  What you said in
25 your response, you said, "Oh, there are two orders that are

*American Legal Transcription*

1  inconsistent."  But we'll see about that.  Mr. Cabrera, is
2  there anything you want to say now, or do you want to wait
3  until the March 9th hearing?
4           MR. CABRERA:  I'll wait until the March 9th hearing,
5  Your Honor.  I have all the information with regards to the
6  funds.
7     RULING/ADJOURNING TOWN OF PUTNAM VALLEY'S MOTION TO DISMISS
8           THE COURT:  All right.  All right.  So I'm adjourning
9  the motion to dismiss the Town of Putnam Valley has filed until
10 the March 9th hearing.  I should be entering -- the Court
11 should be entering the order to show cause today.  And again,
12 it's why the case shouldn't be converted to a Chapter 7 -- a
13 case under Chapter 7; or alternatively, why a Chapter 11
14 Trustee should not be appointed.
15          All right.  Deanna, you can call the next case.
16          MR. WROBEL:  Thank you, Your Honor.
17          MR. KASPAR:  Thank you, Your Honor.
18      (Proceeding adjourned at 10:17 a.m.)
19                            -oOo-
20
21
22
23
24
25

*American Legal Transcription*

```
 1                      CERTIFICATION
 2      I, Catherine M. Griffin, certify that the foregoing
 3 transcript of proceedings is a true and accurate record of the
 4 proceedings.
 5
 6 ___Catherine M. Griffin___        Date:   February 27, 2023
 7 AMERICAN LEGAL TRANSCRIPTION
 8 11 Market Street, Suite 215
 9 Poughkeepsie, New York 12601
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```