**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ALEXANDER BERNARD KASPAR,<br><br>Debtor. | Case No. 22-10382 (MG)<br><br>Chapter 11 |

### ORDER CONVERTING CASE TO A CASE UNDER CHAPTER 7

On February 16, 2023, the Court issued an *Order to Show Cause Why this Case Should Not Be Converted to Case Under Chapter 7, or Alternatively, Why a Chapter 11 Trustee Should Not Be Appointed*. ("OSC," ECF Doc. # 86.) The Court directed the Debtor, Alexander Bernard Kaspar ("Kaspar"), *and* his attorney, Matthew H. Cabrera, Esq. ("Cabrera"), to file written responses to the OSC. (*See* OSC at 2 ("On or before 12:00 noon, March 2, 2023, Kaspar and his attorney, Matthew H, Cabrera, Esq. ("Cabrera"), shall file written responses to this order to show cause stating any reasons why such relief shall not be ordered.") Cabrera filed a response, captioning the document as "*Debtor's Response to Oder to Show Cause of the Court*." ("Cabrera Response," ECF Doc. # 90.) The United States Trustee filed a Statement in Response to the OSC, as well as a Declaration of Annie Wells, Esq., in support of the Statement in Response, recommending that the case be converted to a case under Chapter 7 (together, the "U.S.T. Response"), ECF Doc. ## 91 and 92).

Having considered the Cabrera Response and the U.S.T. Response, the Court concludes that Kaspar and Cabrera violated the Sale Order entered in Kaspar's prior Chapter 11 case.[1] The Sale Order required that $400,000 in proceeds for the sale of two

---

[1] (*In re Alexander Bernard Kaspar,* Case No. 18-36862 (CGM), ECF Doc. # 292.)

1

properties owned by Kaspar be deposited in escrow with Cabrera, with that sum to be used in connection with remediation of environmental contamination on another property owned by Kaspar. (Sale Order at 4.) The Sale Order provided that the terms of the Order survived any order dismissing the Chapter 11 case. (*Id.* at 9.) Instead, upon dismissal of the case on the Motion of the United States Trustee, Cabrera released the escrowed funds, paying a portion of the funds to Kaspar, a portion to Kaspar's partner, and kept a portion of funds in payment of his attorney' fees. None of the funds were used for remediation costs. According to Cabrera, only about $4,000 is deposited in Debtor's DIP account.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case be converted to case under Chapter 7 and the United States Trustee shall appoint a Chapter 7 Trustee to administer this case.

Dated:   March 9, 2023
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge