M. Cabrera & Associates, PC
Counsel for the Debtor and Debtor
In Possession
2002 Route 17M, Suite 12
Goshen, NY 10924
Matthew M. Cabrera, Esq.

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | RETURN DATE: April 25, 2023<br>TIME: 10:00 AM |
| ---------------------------------------------------------x | |
| In re | Chapter 11 |
| ALEXANDER BERNARD KASPAR<br>Debtor. | Case No. 22-10382 (MG) |
| ---------------------------------------------------------x | |

**FIRST AND FINAL FEE APPLICATION OF M. CABRERA & ASSOCIATES, PC, COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328 AND 330 OF THE BANKRUTPCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUTPCY PROCEDURE**

_____

To: Honorable Chief Judge Martin Glenn
United States Bankruptcy Judge

The Application of M. CABRERA & ASSOCIATES, PC, counsel for Alexander Kaspar, the debtor and the debtor in possession (the "Debtors") respectfully represents:

1. This is an Application made pursuant to Section 327, 328 and 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure for the first interim allowance of compensation for legal services rendered by the applicant to the Debtor during the period between March 28, 2022, through March 9, 2023.

**PRELIMINARY STATEMENT**

2. By Order dated May 19, 2022, M. Cabrera & Associates, PC ("MCAB") was retained as attorneys to the Debtor *nunc pro tunc* to March 28, 2022, the date of entry of the Order, the Debtor was authorized to pay a pre-petition retainer in the sum of $8000.00 and MCAB was authorized to accept the pre-petition retainer.

3. As set forth in Exhibit "A" annexed hereto, the amount of professional fees sought is $58,480.00 and the reimbursement of out-of-pocket expenses incurred on behalf of counsel to the Debtor during the same period is $2304.23. No prior application for fees and expenses has been made previously. MCAB has provided a Summary, by category of the total hours expended on work performed for the Debtor. See Exhibit "B"

4. In support of the application for the Order Authorizing Retention of Counsel to the Debtor, counsel submitted the Affidavit of No Adverse Interest. The individuals at MCAB that assisted the Debtor and provided services to the Debtor in this Chapter 11 case to date, is as follows:

> \*      Matthew M. Cabrera (abbreviated as "MMC" in the statement) is a 1997 graduate of Benjamin Cardozo School of Law. Mr. Cabrera was admitted to practice before the Courts of the State of New Jersey in 1998 and admitted to practice before this Court in 2010.

5. The firm includes the following items in the calculation of its overhead and operating expenses which are included in the firm's hourly rates:

   a. secretarial time

   b. telephone calls

   c. postage for correspondence and litigation documents, other than those which require significant or exceptional mailings

   d. photocopies for correspondence and litigation documents, other than those which require significant or exceptional photocopying;

6. Those items which are not included in the overhead of the firm are as follows:

   a. Travel expenses including parking, train, subway fares, tolls, mileage for court appearances (billed as an hourly rate)

   b. extraordinary expenses for copying and postage

   c. overnight mail expenses

7. A copy of the enclosed billing statement was provided to the Debtor and the debtor has expressed no disapproval of the amounts being sought. A certification by Matthew M. Cabrera on behalf of MCAB is attached as Exhibit "C".

## PROCEDURAL HISTORY

8. On March 28, 2022 ("Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is an individual and is managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Neither the Debtor nor any other entity has requested the appointment of a trustee and no trustee, examiner, or statutory committee has been appointed.

9. A motion to extend the automatic stay was filed on April 18, 2022, and after discussions with the only opposing party opposing the motion, the stay was extended for ninety days.

10. On May 19, 2022, Matthew M. Cabrera and M. Cabrera & Associates, PC was approved by the Court as counsel for the Debtor.

11. The stay was extended again by stipulation dated July 26, 2022.

12. On September 27, 2022, Environmental Conservation and Management Services ("ECMS") was approved by the Court as the Debtor's environmental consultant.

13. On September 30, 2022, the Court approved the sale of Gilbert Lane, one of the Debtors properties.

14. On October 25, 2022, the stay was extended again by stipulation dated October 24, 2022.

15. On December 21, 2022, the Court agreed to abstain from the Debtor's Appeal of the Property Assessment in Putnam County Supreme Court.

16. On January 24, 2023, the Town of Putnam Valley filed a motion to dismiss.

17. On February 16, 2023, the Court filed an Order to Show as to whether or not the conversion to a chapter 7 case or introduction of a Chapter 11 Trustee is needed or warranted.

18. On March 9, 2023, the Court converted the case to a case under Chapter 7.

19. All fees due the United States Trustee have been paid.

20. As of the January operating report, $4258.36 was available in the DIP Account.

21. Section 331 of the Bankruptcy Code provides:

> A trustee, examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. §331.

22. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the bankruptcy court that the services performed and fees incurred were reasonable.

23. In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (a) the time spent on such services, (b) the rates charged for such services, (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (d) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (e) whether the compensation is

reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

24. As set forth in detail in Exhibit A, during the First Interim Compensation Period, MCAB rendered professional services in the amount of $58,480.00 and is seeking reimbursement of expenses in the amount of $2304.23. MCAB believes it is appropriate for it to be compensated for the time spent in connection with these matters.

25. MCAB believes that its services were performed in a skilled and efficient manner and resulted in substantial benefit to the Debtor. As stated above, MCAB submits that under all of the criteria normally considered in bankruptcy cases and based upon the factors to be considered in accordance with section 330 of the Bankruptcy Code, the necessary work performed to date justifies the amounts requested by this application.

## CONCLUSION

WHEREFORE, M. Cabrera & Associates, PC respectfully requests (i) interim allowance of fees for legal services rendered to the Debtor during the First Interim Application Period in the amount of $58,480.00; (ii) reimbursement of the actual and necessary expenses incurred on behalf of the Debtor in the amount of $2304.23; and (iii) such other and further relief as the Court deems just and proper. A proposed order is attached hereto as Exhibit "D"

Dated: Goshen, New York
April 3, 2023

                                                   M. Cabrera & Associates, PC
                                                   Attorneys for the Debtor

By: */s/ Matthew M. Cabrera*
      Matthew M. Cabrera
      2002 Route 17M, Suite 12
      Goshen, NY 10924
      Telephone: (845) 531-5474
      Facsimile: (845) 230-6645
      mcabecf@mcablaw.com