**LaMONICA HERBST & MANISCALCO, LLP**       Relates to a Hearing Noticed for April 25, 2023
*Proposed Counsel to Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                                  Chapter 7

ALEXANDER BERNARD KASPAR,                                      Case No.: 22-10382-mg

                    Debtor.
---------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S OBJECTION TO FIRST AND FINAL FEE APPLICATION OF M. CABRERA & ASSOCIATES, PC, COUNSEL TO THE DEBTOR

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

      Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of Alexander Bernard Kaspar ("Debtor"), through her undersigned proposed counsel, submits this objection to the first and final fee application of M. Cabrera & Associates, PC ("Debtor's Counsel"), counsel to the Debtor, for allowance of compensation and reimbursement of expenses ("Application") [ECF No. 103], and respectfully sets forth and states as follows:

### PRELIMINARY STATEMENT

      1.    The relief sought in the Application is premature at best. The Court has already concluded that the Debtor and Applicant violated an order entered in the Debtor's prior Chapter 11 case, which required that certain sale proceeds totaling $400,000.00 be deposited in escrow with Applicant and used in connection with the remediation of another property owned by the Debtor. See ECF No. 94. Based on the impermissible release of escrowed funds in violation of a Court order entered in the Debtor's prior Chapter 11 case, Debtor's Counsel received no less than $149,532.60 within 90 days of the commencement of Debtor's current case. See ECF No.

1

102. As a result, and upon further investigation, the appropriate relief may be, <u>inter alia</u>, the denial of fees in this converted case and/or the return or disgorgement of any fees previously paid. In light of the foregoing, the Application should be denied without prejudice or adjourned <u>sine die</u> pending the Trustee's administration of the Debtor's estate.

2.  Assuming <u>arguendo</u> the Court entertains the instant Application, the Application should be denied <u>inter alia</u> to the extent Debtor's Counsel seeks compensation for services rendered in connection with the Court's order to show cause dated February 16, 2023, which was precipitated by pleadings filed with the Court suggesting that the Debtor and Debtor's Counsel violated the express terms of the order entered in the Debtor's prior Chapter 11 case. <u>See</u> ECF No. 86 at p. 3. Debtor's Counsel has not and cannot establish that such services were beneficial to the Debtor's estate in light of the Court's ultimate finding that Debtor's Counsel violated that order. <u>See</u> ECF No. 94. Further, any order approving the Application should provide that no portion of the award will be paid from the estate absent separate order of the Court, or be paid directly or indirectly by the Debtor or any entity owned by the Debtor during the pendency of this Chapter 7 case.

## BACKGROUND

**Prior Bankruptcy Case**

3.  The Debtor is a repeat filer in the United States Bankruptcy Court for the Southern District of New York ("<u>Court</u>"); his prior case was commenced on November 4, 2018 and remained in Chapter 11 until it was closed on February 4, 2022. <u>See generally</u> Case No.: 18-36862 ("<u>Prior Chapter 11 Case</u>").

4.  Debtor's Counsel was employed as counsel to the Debtor in the Prior Chapter 11 Case. <u>See</u> Case No.: 18-36862 at ECF No. 108. Debtor's Counsel was awarded interim

2

compensation totaling $165,532.00 and reimbursement of expenses totaling $4,627.77 as follows: (a) fees of $54,060.00 and expenses of $2,973.32 per an order dated March 23, 2020 [Case No.: 18-36862, ECF No. 164]; (b) fees of $82,825.00 and expenses of $1,068.85 per an order dated January 27, 2021 [Case No.: 18-36862, ECF No. 265]; and (c) fees of $28,947.00 and expenses of $585.60 per an order dated December 8, 2021 [Case No.: 18-36862, ECF No. 291]. No order awarding Debtor's Counsel's fees or expenses on a final basis was entered in the Prior Chapter 11 Case. See generally Case No.: 18-36862.

5.     By motion dated November 8, 2021 ("Sale Motion"), the Debtor, through Debtor's Counsel, sought entry of an order approving the private sale of the Debtor's rights, titles, and interests in the real property located at Sprout Brook Road, Putnam Valley, New York 10579 identified as Tax Map Nos. 72.19-1-29 & 83-1-1 ("Sprout Brook Property"). See Case No.: 18-36862 at ECF No. 282. The Sale Motion provided, among other things, that Grace DeLibero ("DeLibero"), the Debtor's non-debtor girlfriend, agreed to forego receipt of her fifty percent (50%) interest in the Sprout Brook Property. See id. at p. 70. DeLibero also submitted a declaration in support of the Sale Motion which, among other things, provided that she consented to the sale of the Sprout Brook Property. See id. at ECF No. 282-4.

6.     Pursuant to an order entered on December 8, 2021 ("Sale Order"), the Court approved the private sale of the Sprout Brook Property. See Case No.: 18-36862 at ECF No. 292. The Sale Order expressly provides that:

> FURTHER ORDERED, that at or as promptly as practical after the closing of the sale, the Debtor shall set aside with his attorney, to be held in his attorney's escrow account, four hundred thousand dollars ($400,000.00), the estimated amount of remediation costs as estimated by Environmental Consulting and Management Services. These funds are being escrowed for payment of the future remediation costs of parcel 72-1-47. Once approval is obtained from the New York State Department of Environmental Conservation to begin remediation, these funds will be disbursed to the Debtor's DIP account in draws; and it is

3

. . .

> FURTHER ORDERED, that the terms and provisions of this Sale Order and any actions taken pursuant hereto shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in this Chapter 11 case; (b) conversion of this Chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing this Chapter 11 case; or (d) pursuant to which this Court abstains from hearing in this Chapter 11 case. The terms and provisions of this Sale Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall continue in this Chapter 11 case, or following dismissal of this Chapter 11 case, it is

See id. at pp. 4, 9.

7. On December 18, 2021, the United States Trustee filed a motion to dismiss or convert the Debtor's Prior Chapter 11 Case. See Case No.: 18-36862 at ECF No. 294. The Debtor initially opposed the motion. See id. at ECF No. 306. Certain creditors of the Debtor joined in the motion. See id. at ECF Nos. 307, 314.

8. On January 29, 2022, the Debtor, through Debtor's Counsel, filed a notice of consummation of the sale of the Sprout Brook Property ("Sale Notice"). See Case No.: 18-36862 at ECF No. 316. As reflected in the Sale Notice, the sale closed on December 28, 2021. See id. at p. 3. The Closing Statement annexed to the Sale Notice reflects that, inter alia, the sum of $400,000.00 was wired to Debtor's Counsel per the Sale Order. See id. at 316-1.

9. Following a hearing conducted on February 1, 2022, the Court entered an order on February 3, 2022 dismissing the Prior Chapter 11 Case. See Case No.: 18-36862 at ECF No. 320. On February 4, 2022, the Debtor's Prior Chapter 11 Case was closed.

10. Notwithstanding the express terms of the Sale Order, the $400,000.00 escrowed from the proceeds of sale of the Sprout Brook Property were disbursed just three days later on February 7, 2022. Specifically, the February 2022 bank statement for Debtor's Counsel's escrow account evidences that: (a) the sum of $120,000.00 was paid to Debtor's Counsel by check no.

4

132; (b) the sum of $4,500.00 was paid to Debtor's Counsel by check no. 133; and (c) the sum of $276,100.00 was wired to Citigrace Corp, i.e., DeLibero's company.

**Current Bankruptcy Case**

11. Less than two months later, on March 28, 2022 ("Petition Date"), a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed on the Debtor's behalf in the Court. See ECF No. 1. The Debtor failed to disclose the payments made to Debtor's Counsel and Citigrace Corp on his Statement of Financial Affairs. See id.

12. By application dated April 8, 2022, the Debtor sought entry of an order approving the employment of Debtor's Counsel. See ECF No. 12. The affidavit of Matthew M. Cabrera, Esq. submitted in support of the application provides, inter alia, that Debtor's Counsel "received a pre-petition advance fee from the Debtor in the amount of $13,738 on account of legal services to be rendered, and on account of costs and expenses to be incurred." See id. at ECF No. 12-2, p. 5, ¶11. By order dated May 19, 2022, the Court approved the Debtor's employment of Debtor's Counsel effective as of March 28, 2022. See ECF No. 24.

13. By motion dated January 24, 2023, the Town of Putnam Valley sought entry of an order dismissing the Debtor's case. See ECF No. 79. The Debtor opposed the motion. See ECF No. 83.

14. On February 16, 2023, the Court issued an order to show cause why the Debtor's case should not be converted to a case under Chapter 7 or, alternatively, why a Chapter 11 Trustee should not be appointed. See ECF No. 86. The Court noted that "[i]t appear[ed] from pleadings filed in this current Chapter 11 case that the Debtor and Debtor's attorney, Cabrera, may have violated the express terms of the Sale Order by disbursing funds from the escrow account (1) to Kasper, (2) to Kasper's partner, Grace DeLibero, and (3) and to Cabrera in

5

payment of attorney's fees." See id. at p. 3. The Town of Putnam Valley, the Debtor and the United States Trustee filed responses to the Court's order. See generally ECF Nos. 89, 90, 91.

15. On March 9, 2023, Debtor's Counsel filed an interim application for professional compensation and reimbursement of expenses. See ECF No. 93 ("Prior Application").

16. By order dated March 9, 2023, the Court converted the Debtor's case to a case under Chapter 7. See ECF No. 94. As reflected in the Court's order, the Court concluded that the Debtor and Debtor's Counsel violated the Sale Order entered in the Prior Chapter 11 Case, which required that $400,000.00 from the proceeds of the Sprout Brook Property sale be deposited in escrow with Debtor's Counsel and used in connection with the remediation of another property owned by the Debtor. See id.

17. On March 10, 2023, Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate. See ECF No. 97.

18. On March 23, 2023, Debtor's Counsel filed an Amended Disclosure Of Compensation Of Attorney For Debtor with the Court which raises more questions than it answers. See generally ECF No. 102. It inexplicably lists "Chapter 11" yet fails to reconcile the $8,000.00 retainer with the $13,738.00 previously disclosed in the Debtor's Statement of Financial Affairs [ECF No. 1] and Debtor's Counsel's retention application [ECF No. 12]. Moreover, it provides that Debtor's Counsel has agreed to share compensation with a person or persons who are not members or associates of Debtor's Counsel's firm. See id. Debtor's Counsel failed to attach a copy of the related agreement and a list of the names of the people sharing in the compensation to the filing. See id. It further provides that Debtor's counsel received payment for its representation of the Debtor in his prior filing within one year of the current filing in the amount of $149,532.60. See id.

6

19. On April 3, 2023, the Application was filed with the Court. See ECF No. 103.[1] By the Application, Debtor's Counsel seeks final compensation in the amount of $58,480.00 for services rendered between March 28, 2022 and March 9, 2023, and the reimbursement of expenses in the amount of $2,304.23. See id. The Application presumably supersedes the Prior Application.

20. On April 13, 2023, the Trustee examined the Debtor under oath at the initial meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code. At the meeting, the Trustee demanded from the Debtor the turnover of the $400,000.00 that was to be held in escrow pursuant to the Sale Order. The meeting was adjourned.

21. To date, the $400,000.00 has not been turned over to the Trustee, no deadline to file proofs of Chapter 11 administrative claims against the Debtor's estate has been established, and there are no funds in the Debtor's estate.

**OBJECTION**

22. The Trustee's objection to the Application is twofold. First, the Application is premature. The Trustee was only recently appointed in this converted case, and it is not clear whether fees should be awarded to Debtor's Counsel in light of Debtor's Counsel's violation of the Sale Order. Serious issues exist in this case concerning the disposition of funds immediately prior to the Petition Date that are the subject of the Trustee's investigation, which has only just begun. Further, Debtor's Counsel's disclosures in the Amended Disclosure of Compensation of Attorney for the Debtor are at best puzzling. See ECF No. 102 (providing that Debtor's Counsel has agreed to share compensation with a person or persons who are not members or associates of Application's firm and failing to attach required documentation). Second, the Application

---

[1] Debtor's Counsel failed to serve the Trustee with a copy of the Application. See Certification of Service, ECF No. 103-6.

includes a request for compensation for time spent responding to the Court's February 16, 2023 order to show cause, which was not beneficial to the Debtor's estate.

23. Section 330 of the Bankruptcy Code states, in pertinent part, that a court may award to professionals retained pursuant to section 327 of the Bankruptcy Code:

> (A) reasonable compensation for actual, necessary services rendered by the ... professional person, or attorney and by any paraprofessional person employed by such person;
>
> (B) and reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A)-(B); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 19 (Bankr. S.D.N.Y. 1991). Section 330 focuses on reasonableness and benefit to the estate of the professionals' services. In re Keene Corp., 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). The Debtor's Counsel bears the burden of proof in all fee matters. In re CCT Comm., Inc., 2010 WL 3386947, at *4 (Bankr. S.D.N.Y. Aug. 24, 2010), rearg. denied, 2011 WL 239658 (Bankr. S.D.N.Y. Jan. 22, 2011); Keene, 205 B.R. at 695. Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and made a beneficial contribution to the estate or its creditors. In re Engel, 124 F.3d 567, 571-72 (3d Cir. 1997); see In re Mesa Air Group, 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011); In re Act Mfg., Inc., 281 B.R. 468, 482-83 (Bankr. D. Mass. 2002).

24. Under section 330, the Court may reduce fees or expenses requested when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under sections 327 and 328 of the Bankruptcy Code. See In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 262 (3d Cir. 1995); In re Brous, 370 B.R. 563, 569 (Bankr. S.D.N.Y. 2007) ("Even in the absence of an objection, the Court has an independent duty to scrutinize the fee request"). Moreover, "[s]ervices of a poor quality which are the consequence of wrongful or unethical

8

conduct, may result in denial of any fee or an order for return of any fee paid." Red Carpet Corp. v. Miller, 708 F.2d 1576 (11th Cir. 1983).

25. Section 105(a) of the Bankruptcy Code empowers a Court to correct an abuse of process. "Courts have used these provisions of section 105 to resolve issues regarding the ability to detect and punish contempt, to regulate the practice of lawyers, to administer the assets under its control and the claims related to them and to monitor and supervise all bankruptcy estates." 2 COLLIER ON BANKRUPTCY ¶ 105.02 (16th ed. 2021). "While 'abuse of process' under § 105(a) is not defined in the Bankruptcy Code, a few courts essentially define it as 'maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system.'" Trevino v. HSBC Mortg. Servs. (In re Trevino), 615 B.R. 108 (Bankr. S.D. Tex. 2020). "The abuse of process provision of Section 105(a) has . . . been employed to impose sanctions upon those who willfully mislead the bankruptcy court, . . . or who fail to comply with court orders concerning scheduling or other matters." GMAM Inv. Funds Tr. I v. Globo Comunicacoes E Participacoes S.A. (In re Globo Comunicacoes E Participacoes S.A.), 317 B.R. 235, 247 (S.D.N.Y. 2004) (citations omitted).

26. "[P]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws. and serious potential for overreaching by the debtor's attorney. and should be subject to careful scrutiny." In re Hackney, 347 B.R. 432, 442 (Bankr. M.D. Fla. 2006) (citing H.R. REP. No. 95-595. at 329 (1977), as reprinted in 1978 U.S.C.C.A.N. 5787, 6285).

27. Here, the Trustee's investigation into the Debtor's financial affairs has only just begun. Indeed, the initial meeting of creditors was just recently conducted on April 13, 2023. In

light of Debtor's Counsel's violation of the Sale Order, the Court may ultimately conclude that the appropriate remedy for Debtor's Counsel's misconduct is a denial of any fees in this case.

28. Debtor's Counsel's disclosures in its Amended Disclosure Of Compensation Of Attorney For Debtor also require further investigation and warrant denial of the Application at this time. See ECF No. 102 (providing that Debtor's Counsel was paid over $149,532.60 within 90 days of the Petition Date and has agreed to share compensation with a person or persons who are not members or associates of Debtor's Counsel's firm). As set forth above, Debtor's Counsel failed to attach a copy of the related agreement and a list of the names of the people sharing in the compensation to the filing, and neither the Debtor nor Debtor's Counsel disclosed the payments made to Debtor's Counsel immediately prior to the commencement of this case.

29. Equally important, there are currently no funds in the Debtor's estate from which any award could be paid, and the universe of claims is unknown. Accordingly, it would be premature to consider whether Debtor's counsel's compensation request should be approved at this time.

30. Based on the foregoing, the Trustee respectfully requests that the Court deny the Application without prejudice or adjourn the Application sine die pending the Trustee's administration of the Debtor's estate.

31. Assuming arguendo the Court entertains the Application, Debtor's Counsel request for fees aggregating not less than $10,112.50 for services performed in connection with the Court's February 16, 2023 order to show cause should be denied. The Court's order was precipitated by pleadings filed with the Court suggesting that the Debtor and Debtor's Counsel violated the express terms of the order entered in the Debtor's prior Chapter 11 case. See ECF No. 86 at p. 3. Debtor's Counsel has not and cannot establish that any such services were

beneficial to the Debtor's estate in light of the Court's finding that Debtor's Counsel violated the Sale Order. <u>See</u> ECF No. 94. Further, any order approving the Application should provide that no portion of the award will be paid from the estate absent separate order of the Court, or be paid directly or indirectly by the Debtor or any entity owned or controlled by the Debtor during the pendency of this Chapter 7 case.

Dated: April 18, 2023
      Wantagh, New York    **LaMONICA HERBST & MANISCALCO, LLP**
                                      Proposed Counsel to Marianne T. O'Toole, as Trustee

                           By:    *s/ Holly R. Holecek*
                                      Holly R. Holecek, Esq.
                                      A Partner of the Firm
                                      3305 Jerusalem Avenue, Suite 201
                                      Wantagh, New York 11793
                                      Telephone: (516) 826-6500