**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                              Chapter 7

ALEXANDER BERNARD KASPAR,                                           Case No.: 22-10382-mg

         Debtor.
-------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity
as Chapter 7 Trustee of the Estate of Alexander
Bernard Kaspar,                                                     Adv. Pro. No.: 23-_____-mg

         Plaintiff,
-against-

GRACE A. DELIBERO, a/k/a GRACE ANGELA
DELIBERO,

         Defendant.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Plaintiff") of

the Estate of Alexander Bernard Kaspar ("Debtor"), by her undersigned counsel, as and for her

Complaint against defendant Grace A. DiLibero a/k/a Grace Angela DiLibero ("Defendant")

alleges as follows:

### JURISDICTION AND VENUE

1.      This adversary proceeding ("Adversary Proceeding") is brought under 11 U.S.C.

§§ 105, 323, 363(h), 541 and 542 ("Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules

of Bankruptcy Procedure ("Bankruptcy Rules"), and the general equitable powers of the United

States Bankruptcy Court for the Southern District of New York ("Court"), to sell the estate's interest in the Real Property Lots (defined below) free and clear of Defendant's interest.

2.      Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K) and (O).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.      Plaintiff consents to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PARTIES

6.      Upon information and belief, Defendant is an individual who resides in New York, New York.

7.      Upon information and belief, Defendant resides with the Debtor at 245 E. 72nd Street, PH A, New York, New York 10021.

8.      Upon information and belief, Defendant is the Debtor's significant other.

9.      Public records reflect that Defendant is currently a registered individual real estate broker within the State of New York.

10.     Public records reflect that Defendant is currently a registered corporate real estate broker within the State of New York.

11.     Public records reflect that Defendant is the Chief Executive Officer of Citigrace Corp. ("CityGrace").

12.     Public records reflect that CityGrace is a licensed real estate brokerage company within the State of New York.

13.     Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

14.     Plaintiff is authorized to assert her claims in this Adversary Proceeding under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A.     Procedural Background

15.     On March 28, 2022 ("Filing Date"), a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed on the Debtor's behalf in the Court.

16.     By Order dated March 9, 2023, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.

17.     On March 10, 2023, Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate.

18.     Marianne T. O'Toole is the permanent Chapter 7 Trustee of the Debtor's estate.

### B.     Factual Background

19.     By deed dated May 9, 2007 and recorded on June 29, 2007, the Debtor and Defendant acquired land located at 75 Cimarron Road in Putnam Valley, New York, which is identified as Section 72, Block 1, Lot 47 ("Lot 47"), and Sprout Brook Road in Putnam Valley, New York, which is identified as Section 72, Block 1, Lot 50 ("Lot 50") (together, Lot 47 and Lot 50 are the "Real Property Lots"), as tenants in common with right of survivorship for $500,000.

20.     Lot 47 consists of 25.18 acres.

21.     Lot 47 is currently classed as a riding stable.

22.     The current assessed value of Lot 47 is $890,200.

3

23.    Lot 50 consists of 113.10 acres.

24.    Lot 50 is currently classed as rural vacant land.

25.    The current assessed value of Lot 50 is $380,800.

26.    According to his voluntary petition, the Debtor did not reside on the Real Property Lots as of the Filing Date.

27.    Upon information and belief, the Debtor has never resided on the Real Property Lots.

28.    Upon information and belief, Defendant does not reside on the Real Property Lots.

29.    Upon information and belief, Defendant has never resided on the Real Property Lots.

30.    Public records reflect that CityGrace previously listed Lot 50 for sale for $799,000 under MLS# 11100140.

31.    As of the Filing Date, the Debtor had a legal and equitable interest in the Real Property Lots.

32.    The Debtor scheduled his interest in Lot 47 on his Schedule A/B that was filed with the Court.

33.    The Debtor scheduled his interest in Lot 50 on his Schedule A/B that was filed with the Court.

34.    The Debtor's legal and equitable interest in the Real Property Lots is property of the Debtor's bankruptcy estate.

35.    As the Debtor does not maintain the Real Property Lots as his primary residence, the Debtor is not entitled to a homestead exemption with respect to either of the Real Property Lots.

4

36.     Upon information and belief, Lot 47 is not encumbered by a mortgage lien.

37.     Upon information and belief, Lot 50 is not encumbered by a mortgage lien.

38.     Upon information and belief, there is equity in the Real Property Lots that can be realized for the benefit of the Debtor's estate and his creditors.

39.     A sale of the Real Property Lots would be beneficial to the creditors of the Debtor's bankruptcy estate.

## FIRST CLAIM FOR RELIEF
### (Incorporating all Previous Allegations)
### (11 U.S.C. § 363(h))

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     The partition of the Real Property Lots is impracticable because the sale of the estate's interest alone would realize significantly less than a sale free and clear of Defendant's interest.

42.     The benefit to the Debtor's estate of a sale of the Real Property Lots free from the interest of Defendant outweighs the detriment, if any, to Defendant.

43.     Defendant will not be unduly prejudiced by a sale free and clear because Defendant will receive the cash equivalent value of Defendant's distributive interest from the proceeds of the sale of the Real Property Lots.

44.     The liquidation of the Real Property Lots will produce a substantial benefit to the Debtor's estate and the Debtor's creditors.

45.     Upon information and belief, the Real Property Lots consist of land that is not used in the production, transmission or distribution for sale of electric energy or of natural gas or synthetic gas for heat, light and power.

46.    Under section 363(h) of the Bankruptcy Code, Plaintiff may seek to sell the Real Property Lots free and clear of Defendant's interest and, after the sale, determine Defendant's distributive interest in the sale proceeds.

47.    By reason of the foregoing, Plaintiff is entitled to a judgment under section 363(h) of the Bankruptcy Code against Defendant: (a) authorizing Plaintiff to sell the Real Property Lots free and clear of Defendant's interest therein; and (b) determining Defendant's distributive interest in and to the proceeds from the sale of the Real Property Lots.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in her favor and against Defendant on the First Claim for Relief as follows:

i.    under section 363(h) of the Bankruptcy Code: (a) authorizing Plaintiff to sell the Real Property Lots free and clear of Defendant's interest therein; and (b) determining Defendant's distributive interest in and to the proceeds from the sale of the Real Property Lots; and

ii.    for such further and other relief as this Court deems just and proper.

Dated: May 23, 2023
       Wantagh, New York            **LaMONICA HERBST & MANISCALCO, LLP**
                                     *Counsel to Plaintiff Marianne T. O'Toole, as Trustee*

                         By:    *s/ Holly R. Holecek*
                                Holly R. Holecek, Esq.
                                A Partner of the Firm
                                3305 Jerusalem Avenue, Suite 201
                                Wantagh, New York 11793
                                Telephone: (516) 826-6500